(C.D. 2446)

HENRY A. WESS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 21, 1964)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff* and *James F. O'Hara*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: This protest relates to an importation described in the commercial invoice as "Nutcrackers, brass with ivory plastic wheel."

In his letter transmitting the protest to the court, the collector states that the merchandise was classified in liquidation as "articles, nspf, partly manufactured, c/v brass nspf (c/v copper)" in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 19 per centum ad valorem, plus an internal revenue tax of 1.275 cents per pound pursuant to section 4541 of the Internal Revenue Code (26 U.S.C. § 4541), as modified by the sixth protocol, *supra*.

Plaintiff makes no claim against the imposition of the internal revenue tax, but contends that the imported articles should be classified

as household utensils, not specially provided for, in chief value of brass, in paragraph 339 of said act (19 U.S.C. § 1001, par. 339), as modified by the sixth protocol, *supra*, and subjected to duty at the rate of 12½ per centum ad valorem.

The protest claim for classification in paragraph 372 of said act (19 U.S.C. § 1001, par. 372) was abandoned.

The pertinent text of the competing provisions reads as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:
    Composed wholly or in chief value of platinum
\*    \*    \*    \*    \*    \*    \*
    Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:
\*    \*    \*    \*    \*    \*    \*
        Not wholly or in chief value of tin or tin plate:
            Carriages, drays \* \* \*
\*    \*    \*    \*    \*    \*    \*
        Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum \* \* \*    19% ad val.

Paragraph 339 of said act, as modified, *supra:*

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:
\*    \*    \*    \*    \*    \*    \*
    Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—
        Brass _____ 12½% ad val.
\*    \*    \*    \*    \*    \*    \*

The merchandise is represented by exhibit 1. The case was tried upon the theory advanced by the Government that the nutcracker— exhibit 1—is a *part* of a household utensil and is, therefore, excluded from the purview of paragraph 339, which contains no provision for parts of household utensils, and is relegated to the catchall provision of paragraph 397. This is confirmed by the following agreement of counsel:

[By the attorney for plaintiff.]

I believe the government will agree that the government claims that the imported article is a part of a household utensil, and it was therefore classified under paragraph 397, Tariff Act of 1930, as articles in chief value of brass because paragraph 339, the household utensil provision, does not provide for parts of household utensils. \* \* \*

to which counsel for the Government replied—

. We so agree.

The merchandise was imported for the account of Osborne Kemper Thomas Co. of Cincinnati, Ohio. William J. Kleiman, who was called to testify on behalf of plaintiff, stated that he had been director of purchases for the company since 1960 and, for 8 years prior to that time, was an assistant to the manager. Kleiman described the business of the Osborne Co. as a manufacturer of calendars, booklets, greeting cards; also importer and distributor for advertising specialties and business gifts.

Kleiman testified as to his familiarity with the subject merchandise and that it was used only for crushing nuts. He described how the exhibit is manipulated to crush nuts, and a physical examination of the exhibit clearly indicates its utility.

The witness stated, on cross-examination, that—

* * * Currently, we are using it on an hors d'oeuvre tray with additional pieces furnished with the tray whereby you can remove the nutcracker and put a small holder or hors d'oeuvre pick on the tray in place of the cracker.

The witness further testified that the tray or object used in conjunction with exhibit 1 "* * * can be used without the nutcracker as an hors d'oeuvre tray or sandwich tray."

In answer to a question from the court, the witness testified, in substance, that exhibit 1 could be used either by itself or when attached to the tray.

While there is no direct testimony regarding chief use of merchandise represented by exhibit 1 in the household for the comfort and convenience of its occupants for utilitarian purposes, which are basic considerations for classification of commodities as household utensils, *United States* v. *S. P. Skinner Co., Inc.*, 46 CCPA 105, C.A.D. 708, nevertheless, implicit in the agreement of counsel above referred to is the concession that if the court should find the nutcracker is a separate entity, it would be a household utensil. This is confirmed by the following statement in the brief of Government—

1. That the Government's position is that the imported articles are parts of household utensils.

2. That these articles are in chief value of brass.

The brief also states—

The sole issue in this case is whether or not the imported merchandise consists of articles, whole and complete in themselves.

Since the case was tried on the principal question of whether the article is a household utensil, or merely a part thereof and, therefore, excluded from paragraph 339, we shall proceed to decide the case upon that hypothesis.

We are satisfied from an examination of exhibit 1 and from the testimonial record that the article is capable of use either with or without being attached to a tray, bowl, or other object. It is not, as we view it, a part of a household utensil. It is an entirety, a household utensil.

When attached to a tray or other object, it does not become a part thereof but merely an accessory.

It is not clear from the testimonial record whether a threaded bolt and washer accompanied exhibit 1 at the time of importation as a means of adjusting the nutcracker to a tray or bowl. In any event, exhibit 1 is so far completed that it is brought within the principle of judicial authority that where an article has been so far advanced by manufacturing processes as to indicate its ultimate use and, by reason of its condition as imported, it is unfit for any other use, it is to be regarded for tariff purposes as the article it was intended to be when completed. *Waltham Watch Co.* v. *United States (Jaeger Watch Co., Inc., Party in Interest)*, 25 CCPA 330, T.D. 49425, and cases therein cited.

In *United States* v. *Willoughby Camera Stores, Inc.*, 21 CCPA 322, T.D. 46851, the court announced the principle that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined could not function as such article.

We are clearly of the opinion that, in the instant case, the nutcracker is not an integral, constituent, or component part of a tray or bowl with which it may be used, but is merely an accessory thereto, and each article may properly function independently as a household utensil.

In *Davis, Turner & Company* v. *United States*, 47 CCPA 129, C.A.D. 744, the merchandise was described by the court as water mixers—

* * * designed to complement "old-fashioned" sinks, tubs and basins which have separate hot and cold water faucets, by providing inlet means which fit over, grip and seal, but do not become permanently attached to, the ends of the separate hot and cold water spigots and by further providing a single outlet for both the hot and cold water. * * *

The court was of the opinion that the water mixers were household utensils within the purview of paragraph 339, stating "* * * They come within the common meaning of 'utensils' as set forth in the lexicons cited in the *Dow* case [21 CCPA 282, T.D. 46816]. The use of the merchandise comes within the definition of 'household' as propounded in the *Rice* case [24 CCPA 114, T.D. 48415]."

The reasoning in the *Davies* case, *supra*, applies with equal force to the case at bar. Based upon the record and the authorities cited, we find and hold that the nutcrackers in controversy should be classified as household utensils, composed wholly or in chief value of brass, in paragraph 339 of the tariff act, as modified, and subjected to duty at the rate of 12½ per centum ad valorem, plus the applicable internal revenue tax, as claimed by the importer.

The protest is sustained to the extent indicated and judgment will issue accordingly.